(Superior Court of Cincinnati.)
General Term.

## SAUER v. CINCINNATI STREET RAILWAY COMPANY, AND WRIGHT v. SAME.

---

[The majority opinion in this case appeared in Vol. 4, Nisi Prius Rep. 252. This is the first appearance of the dissenting opinion in print.]

Change of venue where more than fifty stockholders in the defendant corporation reside in the county where the suit is pending—

Dissenting opinion.

JACKSON, J.

I am unable to concur in the opinion and judgment of the court in these cases, and will endeavor to briefly state my reasons. Sec. 5032, of the Rev. Stats., provides that the judge may grant a change of venue in an action when it appears that a fair and impartial trial can not be had in the county where the suit is pending. Sec. 5033, provides, that "when a corporation having more than fifty stockholders is a party in an action pending in a county in which the corporation keeps its principal office, or transacts its principal business, if the op-

posite party make affidavit that he can not, as he believes, have a fair and impartial trial in the county, and his application is sustained by the several affidavits of five credible persons residing in such county, the court shall change the venue to the adjoining county most convenient for both parties."

It seems to me that the legislature intended that sec. 5033, should mean something in addition to sec. 5032, and I am unwilling to assume that the legislature intended in one section to say that a change of venue may be granted in every case where it appears to the court that a fair and impartial trial can not be had, and in the very next section lay down the same rule as applicable to a particular case. We are not to assume that the legislature meant nothing whatever by this section, and that in enacting this section it did a vain and useless thing, but simply re-enacted, for a particular case, what had already been fully provided for in all cases, and yet, this is the result which will necessarily follow from the interpretation which the statute receives in this case. As I construe sec. 5033, it means that the criterion for a change of venue is, that the opposite party *believes* that he can not have a fair and impartial trial (not that he can not, in fact, have a fair and impartial trial), and that his application be sustained by the several affidavits of five credible persons. But the logical effect of requiring the five sustaining affidavits to set forth such facts and circumstances as will convince the judge that a fair and impartial trial can not be had, is to make the criterion the same as in sec. 5032, and thus practically nullify sec. 5033. It seems to me that the error lies largely in considering what is to be sustained by the several affidavits of five credible persons. What is to be sustained is the application of the moving party, based upon his belief that he can not have a fair trial, and not based upon the fact that he can not in reality have a fair trial. If five credible persons swear they do not believe the party can have a fair trial, why does not that sustain the moving party's application? If, in order to give effect to this statute, we hold, as we must, that the criterion is the party's belief that he can not have a fair trial, why *should the sustaining affidavits be more comprehensive than the original affidavit*, and show that the party can not, as a matter of fact, have a fair trial when such fact is not required to exist in order to entitle the party to a change of venue.

It will readily be seen, that if the sustaining affidavits must show why the party can not have a fair trial, that the judge must then be satisfied, from the affidavits, that the party can not have a fair trial before he will change the venue, and thus, to say the least, a prima facie showing of an immaterial consideration must be made in order to give effect to this section. Again, the judge need not believe from these affidavits, that a fair trial can not be had,

and if the question is once gone into so as to make it material, why could not the opposite party demand to off set these affidavits by counter affidavits?

Another error is, in supposing that the credibility of the five affiants must be shown by a determination of the question whether or not, as a matter of fact, a fair trial could be had. They may be thoroughly credible persons, and yet believe a thing without having the best reasons in the world for so doing. Their credibility should not be impeached by showing that the moving party could in fact have a fair trial, and consequently that they ought to believe accordingly, when the criterion is the belief of the parties, and not the existence of the fact.

If the question of credibility can be gone into at all, it seems to me it should be limited to showing by parties who know the affiants and their reputation for truth and veracity, that said affiants would not generally be believed under oath.

It is strongly urged, that there is a discretion lodged in the court, notwithstanding the language of the statute, is, that the court shall grant a change of venue. We may ask for what purpose is the court vested with a discretion? The decision of the court is, that the discretion is to determine whether or not, as a matter of fact, the party can have a fair and impartial trial. This refines and filters away the effect of this section entirely.

We are not here to determine as to the wisdom or fairness of the statute in question, but merely what the legislature meant by the language used. For these reasons I am unable to give my assent to the opinion and judgment in this case.